Miller, J.
Numerous errors are assigned by appellant’s counsel, only one of which has received any attention by them in argument. Tbe others will be presumed to be waived. Shaw v. Brown, 18 Iowa, 508; Wilson v. Hill-house, 14 id. 199.
Tbe argument of appellant’s counsel is entirely based upon tbe theory tbat tbe evidence in tbe case did not warrant tbe verdict.
Tbe evidence shows tbat, at tbe point on tbe railroad track where tbe stock (a mare and mule colt) were killed, there was a public crossing. It is shown tbat there was a public highway established in the neighborhood of this crossing, but its precise location was not shown, and tbe evidence tends to show that tbe public travel previous to *544 the building of the railroad was not confined to any definite route, but that it varied as much as half a mile in passing the line of the railroad. There is, indeed, no evidence whatever fixing the correct location of the highway where it intersects the railroad track. The evidence further shows, that, when the railroad was built, it constructed a crossing over its track and put in a cattle guard on the one side and a culvert on the other of the crossing, and that the public travel has been over this crossing ever since, a period of several years. When the animals were first seen they were standing on the plank of this crossing, and when struck by the train were in the culvert cattle-guard, whence they ran. Both sides of the railroad track were fenced, and the cattle-guards were ninety-three feet apart. No negligence is alleged or shown in evidence, so that if the plaintiff is entitled to recover at all, it must be under chapter 169, laws of the ninth general assembly, which makes every railroad company “ operating its road in this State and failing to fence such road on either or both sides thereof against live stock running at large, at dll points where said roads home the right to fence absol/utety liable to the owner of live stock injured, killed or destroyed by reason of the want of such fence or fences,” etc.
In the absence of evidence as to the correct location of the public highway across the railroad track, it may well be presumed, under the facts and circumstances of this case, that the crossing constructed by the appellant was upon the true location, and, if so, it had no right to fence the track at this point. At all events it was not shown that this crossing was not upon the regularly established highway. The most that appears in the evidence on this point is, that before the construction of the railroad, the travel passed at other points than this crossing, but it followed no fixed or definite route, and no attempt is mad,e to show where the true location was.
*545 The railway coinpany is not liable under the statute for stock killed or injured at a point where they have no right to fence their track. In the case before us the evidence, in our opinion, shows that the company had no right to fence their road at the point where plaintiff’s stock was injured.
It is urged however that the animals were killed in one of the cattle-guards, that the cattle-guards at the crossing were ninety-three feet apart, whereas the highway was only sixty-six feet wide. It is clearly shown that the animals, when the train was within a very short distance of them, were standing on the planking of the crossing, and that they were struck by the train within less than fifty feet from where they were first seen standing. These fifty feet are within the gap left by the railroad company for the crossing of the highway, and, as before seen, there is no evidence that this is not the correct location of such highway. It has been treated and used as such by the defendant and the public for such a length of time as to create a presumption that it is. "Without determining the question whether generally the burden of proof is with the plaintiff to show that, at the point where stock is injured on a railroad, the company had the right to fence, or whether it rests on the defendant to prove in defense that they had no such right, we are clear that, under the facts and circumstances of this case, the plaintiff was not entitled to a verdict in the absence of competent evidence tending to show that the defendant had a right to fmoe at the point where the plaintiff’s animals were injtired.
The judgment of the court below is reversed, and a new trial ordered.
Reversed.